## SOUTHERN DISTRICT OF NEW YORK

**Shearee Kingsley,**
Plaintiff,

v.

**Experian Information Solutions, Inc.; Equifax Information Services LLC; TransUnion LLC; LVNV Funding LLC; Resurgent Capital Services LP; and Bridgecrest Credit Company, LLC,**
Defendants.

---

# COMPLAINT

## I. INTRODUCTION

1. Plaintiff, **Shearee Kingsley**, brings this action under the **Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.**, to recover damages resulting from Defendants' alleged failures to comply with their statutory duties after Plaintiff disputed inaccurate and misleading information appearing on her consumer credit reports.
2. Plaintiff alleges that, despite submitting multiple written disputes and supporting documentation, one or more Defendants continued reporting or verifying information that Plaintiff contends was inaccurate, misleading, incomplete, or not properly investigated as required by the FCRA.
3. Plaintiff further alleges that these reporting practices caused harm by affecting her creditworthiness, interfering with her ability to obtain credit on fair terms, and requiring significant time and effort to dispute the information through consumer reporting agencies, furnishers, and government agencies.
4. Plaintiff seeks all relief available under the FCRA, including actual damages, statutory damages where authorized, punitive damages where legally available, costs, and any additional relief the Court deems just and proper.

---

## II. JURISDICTION

5. This Court has subject-matter jurisdiction pursuant to **28 U.S.C. § 1331** because this action arises under the laws of the United States, specifically the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.
6. Venue is proper in the Southern District of New York under **28 U.S.C. § 1391** because Plaintiff resides within this District and a substantial part of the events giving rise to these claims occurred within this District.

## III. THE PARTIES

7. Plaintiff **Shearee Kingsley** is an individual residing in Bronx County, New York.
8. Defendant **Experian Information Solutions, Inc.** is a consumer reporting agency as defined by the Fair Credit Reporting Act and conducts business throughout the United States.
9. Defendant **Equifax Information Services LLC** is a consumer reporting agency as defined by the Fair Credit Reporting Act and conducts business throughout the United States.
10. Defendant **TransUnion LLC** is a consumer reporting agency as defined by the Fair Credit Reporting Act and conducts business throughout the United States.
11. Defendant **LVNV Funding LLC** is alleged to have acted as a debt owner or furnisher of information concerning one or more accounts reported on Plaintiff's consumer reports.
12. Defendant **Resurgent Capital Services LP** is alleged to have serviced, collected, or furnished information regarding one or more accounts associated with LVNV Funding LLC.
13. Defendant **Bridgecrest Credit Company, LLC** is alleged to have furnished information concerning Plaintiff's automobile financing account.

# IV. FACTUAL ALLEGATIONS

### Plaintiff's Efforts to Ensure Accurate Credit Reporting

14. Plaintiff has made repeated efforts to ensure that information contained in her consumer credit reports is complete, accurate, and reported in compliance with the Fair Credit Reporting Act ("FCRA").
15. During 2026, Plaintiff obtained and reviewed copies of her consumer reports from Experian Information Solutions, Inc. ("Experian"), Equifax Information Services LLC ("Equifax"), and TransUnion LLC ("TransUnion").
16. Upon reviewing those reports, Plaintiff identified multiple items that she believed contained inaccurate, misleading, incomplete, or improperly verified information.
17. Plaintiff undertook extensive efforts to dispute these items directly with the consumer reporting agencies and, where appropriate, with the entities furnishing information to those agencies.
18. Plaintiff maintained copies of dispute letters, certified mail receipts, correspondence, consumer reports, and responses received from the Defendants.

### Disputes Submitted to the Consumer Reporting Agencies

19. Plaintiff submitted multiple written disputes to Experian concerning information appearing on her consumer credit file.
20. Plaintiff also submitted written disputes to Equifax regarding information she believed was inaccurate or reported in violation of the FCRA.

21. Plaintiff likewise disputed information appearing on her TransUnion credit report.
22. In each dispute, Plaintiff requested that the consumer reporting agency conduct a reasonable reinvestigation of the disputed information as required by 15 U.S.C. § 1681i.
23. Plaintiff also requested that inaccurate or unverifiable information be corrected or deleted where appropriate.
24. Plaintiff provided information and documentation that she believed supported her disputes.

### Experian's Responses

25. Experian responded to several of Plaintiff's disputes by stating that disputed information had been verified.
26. Plaintiff alleges that these responses failed to adequately explain how the disputed information had been investigated or verified.
27. On one or more occasions, Experian informed Plaintiff that it would not conduct an additional reinvestigation concerning certain disputed information.
28. Plaintiff contends that this refusal occurred despite her submission of additional information that she believed warranted further investigation.
29. Plaintiff alleges that inaccurate or misleading information remained on her Experian credit file after completion of the dispute process.

### Equifax's Responses

30. Equifax also responded to Plaintiff's disputes by indicating that disputed information had been verified or otherwise remained unchanged.
31. Plaintiff contends that Equifax failed to conduct a reasonable reinvestigation of disputed information after receiving notice of her disputes.
32. Plaintiff alleges that inaccurate or misleading information continued to appear on her Equifax credit report following completion of Equifax's investigation.

### TransUnion's Responses

33. Plaintiff disputed information appearing on her TransUnion consumer report.
34. Plaintiff contends that TransUnion likewise failed to conduct a reasonable reinvestigation of disputed information.
35. Plaintiff alleges that disputed information remained on her TransUnion report despite her repeated efforts to correct her file.

---

### LVNV Funding and Resurgent

36. Plaintiff disputed information being furnished concerning accounts associated with LVNV Funding LLC and/or Resurgent Capital Services LP.
37. Plaintiff requested documentation supporting the ownership of the alleged debt and the Defendants' authority to furnish information concerning those accounts.

38. Plaintiff alleges that the responses she received did not provide the documentation she requested and that disputed information nevertheless continued to be reported to one or more consumer reporting agencies.
39. Plaintiff further alleges that information concerning one or more accounts was reported in a manner that she contends was inaccurate, misleading, or inconsistent over time.
40. Plaintiff contends that despite receiving notice of her disputes, LVNV Funding LLC and/or Resurgent Capital Services LP continued furnishing disputed information without conducting the investigation required by the FCRA.

# IV. FACTUAL ALLEGATIONS (Continued)

### Bridgecrest Credit Company, LLC

41. Plaintiff maintained an automobile financing account that was serviced or reported by Defendant Bridgecrest Credit Company, LLC ("Bridgecrest").
42. After reviewing her consumer reports, Plaintiff disputed information reported by Bridgecrest that she believed was inaccurate, incomplete, misleading, or otherwise reported in violation of the FCRA.
43. Plaintiff submitted written correspondence to Bridgecrest requesting that it investigate the disputed information and correct any inaccuracies.
44. Plaintiff also disputed the reporting of the Bridgecrest account through one or more consumer reporting agencies.
45. Plaintiff alleges that Bridgecrest continued furnishing disputed information after receiving notice of Plaintiff's disputes.
46. Plaintiff further alleges that Bridgecrest failed to conduct a reasonable investigation as required by the FCRA before continuing to furnish information concerning Plaintiff's account.

### Certified Correspondence

47. Throughout 2026, Plaintiff communicated with the Defendants through written correspondence, including certified mail.
48. Plaintiff retained certified mail receipts and delivery confirmations demonstrating that one or more Defendants received her disputes and requests for investigation.
49. Plaintiff also retained copies of the correspondence she mailed and the written responses she received.
50. Plaintiff contends that the Defendants had actual notice that Plaintiff disputed the accuracy of information appearing on her consumer reports.

### CFPB Complaints

51. Plaintiff filed complaints with the Consumer Financial Protection Bureau ("CFPB") concerning disputed credit reporting and collection activities.
52. Copies of Plaintiff's CFPB complaints were transmitted through the CFPB complaint process to the appropriate responding entities.

53. Plaintiff alleges that, despite receiving notice through both Plaintiff's direct correspondence and the CFPB complaint process, one or more Defendants continued reporting disputed information without conducting a reasonable investigation.
54. Plaintiff further alleges that certain responses received through the CFPB failed to adequately address the substance of her disputes.

### Continuing Harm

55. Plaintiff devoted substantial time and effort attempting to correct her consumer credit files.
56. Plaintiff prepared dispute letters, reviewed consumer reports, mailed certified correspondence, retained documentation, and communicated with consumer reporting agencies, furnishers, and government agencies in an effort to obtain accurate reporting.
57. Plaintiff alleges that inaccurate or misleading reporting negatively affected her credit reputation and creditworthiness.
58. Plaintiff further alleges that the continued reporting of disputed information caused frustration, inconvenience, emotional distress, and the expenditure of considerable time attempting to resolve matters that should have been corrected through reasonable investigations.
59. Plaintiff also alleges that inaccurate credit reporting adversely affected her ability to obtain credit and financial opportunities on fair terms.
60. Plaintiff contends that the injuries described herein were the direct and proximate result of Defendants' alleged violations of the Fair Credit Reporting Act.

---

# V. COUNT I

## Violation of the Fair Credit Reporting Act

### Against Experian Information Solutions, Inc.

61. Plaintiff incorporates Paragraphs 1 through 60 as though fully set forth herein.
62. Experian is a consumer reporting agency within the meaning of the Fair Credit Reporting Act.
63. Under 15 U.S.C. § 1681i, Experian was required to conduct a reasonable reinvestigation after receiving notice that Plaintiff disputed information contained in her consumer file.
64. Plaintiff alleges that Experian failed to conduct a reasonable reinvestigation of one or more disputed items after receiving Plaintiff's disputes.
65. Plaintiff further alleges that Experian continued reporting inaccurate, misleading, incomplete, or unverifiable information despite receiving notice of Plaintiff's disputes.
66. Plaintiff alleges that Experian's conduct violated the Fair Credit Reporting Act.
67. As a direct and proximate result of Experian's alleged violations, Plaintiff suffered damages, including harm to her credit reputation, inconvenience, emotional distress, and other legally recoverable damages to be proven at trial.

# COUNT II

## Violation of the Fair Credit Reporting Act

### Against Equifax Information Services LLC

68. Plaintiff repeats and realleges Paragraphs 1 through 67 as though fully set forth herein.
69. Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a.
70. Plaintiff submitted one or more written disputes to Equifax identifying information that Plaintiff believed was inaccurate, incomplete, misleading, or otherwise not reportable under the Fair Credit Reporting Act.
71. Plaintiff alleges that Equifax received notice of these disputes and was required under 15 U.S.C. § 1681i to conduct a reasonable reinvestigation.
72. Plaintiff alleges that Equifax failed to conduct a reasonable reinvestigation of one or more disputed items.
73. Plaintiff further alleges that Equifax continued reporting disputed information after completing its investigation without correcting or deleting information that Plaintiff contends was inaccurate or unverifiable.
74. As a direct and proximate result of Equifax's alleged violations of the Fair Credit Reporting Act, Plaintiff suffered damages to be proven at trial.

---

# COUNT III

## Violation of the Fair Credit Reporting Act

### Against TransUnion LLC

75. Plaintiff repeats and realleges Paragraphs 1 through 74.
76. Defendant TransUnion LLC is a consumer reporting agency as defined by the Fair Credit Reporting Act.
77. Plaintiff submitted written disputes requesting that TransUnion investigate disputed information appearing on Plaintiff's consumer report.
78. Plaintiff alleges that TransUnion failed to conduct a reasonable reinvestigation after receiving Plaintiff's disputes.
79. Plaintiff further alleges that disputed information remained on Plaintiff's consumer report despite Plaintiff's submission of supporting documentation.
80. Plaintiff alleges that TransUnion's conduct violated the Fair Credit Reporting Act.
81. As a direct and proximate result of these alleged violations, Plaintiff suffered damages to be determined by the Court or jury.

# COUNT IV

## Violation of the Fair Credit Reporting Act

### Against LVNV Funding LLC

82. Plaintiff repeats and realleges Paragraphs 1 through 81.
83. Plaintiff alleges that LVNV Funding LLC furnished information concerning one or more accounts appearing on Plaintiff's consumer reports.
84. Plaintiff alleges that LVNV Funding LLC received notice that Plaintiff disputed the accuracy of information being furnished.
85. Plaintiff further alleges that, after receiving notice of Plaintiff's disputes, LVNV Funding LLC failed to conduct a reasonable investigation before continuing to furnish information to consumer reporting agencies, in violation of 15 U.S.C. § 1681s-2(b).
86. Plaintiff alleges that LVNV Funding LLC continued furnishing disputed information that Plaintiff contends was inaccurate, misleading, incomplete, or unsupported.
87. Plaintiff suffered damages as a direct and proximate result of LVNV Funding LLC's alleged violations.

---

# COUNT V

## Violation of the Fair Credit Reporting Act

### Against Resurgent Capital Services LP

88. Plaintiff repeats and realleges Paragraphs 1 through 87.
89. Plaintiff alleges that Resurgent Capital Services LP serviced, collected, or furnished information concerning one or more accounts reported on Plaintiff's consumer reports.
90. Plaintiff alleges that Resurgent Capital Services LP received notice of Plaintiff's disputes through one or more consumer reporting agencies.
91. Plaintiff further alleges that Resurgent Capital Services LP failed to conduct the investigation required under the Fair Credit Reporting Act after receiving notice of Plaintiff's disputes.
92. Plaintiff alleges that Resurgent Capital Services LP continued furnishing disputed information despite receiving notice that Plaintiff disputed the accuracy of that information.
93. Plaintiff suffered damages as a result of these alleged violations.

---

# COUNT VI

## Violation of the Fair Credit Reporting Act

### Against Bridgecrest Credit Company, LLC

94. Plaintiff repeats and realleges Paragraphs 1 through 93.
95. Plaintiff alleges that Bridgecrest Credit Company, LLC furnished information concerning Plaintiff's automobile financing account to one or more consumer reporting agencies.
96. Plaintiff disputes the accuracy and completeness of certain information furnished by Bridgecrest.
97. Plaintiff alleges that Bridgecrest received notice of Plaintiff's disputes and was required by 15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation.
98. Plaintiff alleges that Bridgecrest failed to conduct a reasonable investigation before continuing to furnish disputed information.
99. Plaintiff further alleges that inaccurate or misleading information continued to appear on Plaintiff's consumer reports after Plaintiff's disputes.
100. Plaintiff suffered damages as a direct and proximate result of Bridgecrest's alleged violations.

---

## VI. DAMAGES

101. As a result of Defendants' alleged violations of the Fair Credit Reporting Act, Plaintiff has suffered damages, including but not limited to:

a. Harm to Plaintiff's credit reputation;

b. Loss of credit opportunities or less favorable credit terms, if proven;

c. Time and expense incurred preparing disputes, correspondence, and supporting documentation;

d. Emotional distress, frustration, inconvenience, and anxiety associated with attempting to correct inaccurate credit reporting; and

e. Any additional damages recoverable under the Fair Credit Reporting Act.

---

# VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff **Shearee Kingsley** respectfully requests that this Court enter judgment in her favor and against Defendants, jointly and severally were permitted by law, and grant the following relief:

A. Award Plaintiff all actual damages recoverable under the Fair Credit Reporting Act, in an amount to be determined at trial;

B. Award statutory damages to the extent authorized by the Fair Credit Reporting Act and supported by the evidence;

C. Award punitive damages where authorized by law upon proof of willful violations of the Fair Credit Reporting Act;

D. Award Plaintiff the costs of this action and any other recoverable litigation expenses authorized by law;

E. Order Defendants to comply with their obligations under the Fair Credit Reporting Act regarding the investigation and reporting of Plaintiff's consumer credit information, to the extent such relief is available;

F. Award pre-judgment and post-judgment interest were permitted by law;

G. Grant such other and further relief as the Court deems just and proper.

---

# VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

---

# IX. VERIFICATION AND SIGNATURE

Respectfully submitted,

**Shearee Kingsley**
Plaintiff, Pro Se

Bronx, New York

Email: _sheareekingsley@gmail.com______________________

Telephone: _929-790-6575__________________

Date: 7/29/2026________________________

X ________________________
Shearee Ellis Kingsley

---

Shearee Kingsley

Shearee Kingsley

---

# EXHIBIT INDEX (Draft)

**Exhibit A** – Experian Consumer Credit Report

**Exhibit B** – Equifax Consumer Credit Report

**Exhibit C** – TransUnion Consumer Credit Report

**Exhibit D** – Plaintiff's dispute letters to Experian

**Exhibit E** – Plaintiff's dispute letters to Equifax

**Exhibit F** – Plaintiff's dispute letters to TransUnion

**Exhibit G** – Certified Mail Receipts and USPS Delivery Confirmations

**Exhibit H** – Responses from Experian

**Exhibit I** – Responses from Equifax

**Exhibit J** – Responses from TransUnion

**Exhibit K** – Correspondence from LVNV Funding LLC

**Exhibit L** – Correspondence from Resurgent Capital Services LP

**Exhibit M** – Correspondence from Bridgecrest Credit Company, LLC

**Exhibit N** – Consumer Financial Protection Bureau (CFPB) Complaints and Responses

**Exhibit O** – Adverse Action Letter(s), if relied upon

**Exhibit P** – Additional correspondence and supporting documentation

# IV-A. DISPUTED ACCOUNTS

## Disputed Account No. 1

### Destiny Mastercard (The Bank of Missouri/Concora Credit) – Reported by LVNV Funding LLC / Resurgent Capital Services LP

### Account Description

101. Plaintiff opened a Destiny Mastercard account originally issued by The Bank of Missouri and serviced by Concora Credit.
102. After the account became delinquent, Plaintiff learned that the account had allegedly been transferred or sold to LVNV Funding LLC, with Resurgent Capital Services LP acting in connection with servicing or collection activities.
103. Plaintiff observed that the manner in which this account was reported changed over time among the consumer reporting agencies.

### Why Plaintiff Disputed the Account

104. Plaintiff disputed this account because she believed the reporting was inaccurate, misleading, inconsistent, and/or incomplete.
105. Among other concerns, Plaintiff questioned whether the entities reporting the account possessed sufficient documentation supporting their authority to report the account and requested documentation concerning the alleged transfer or ownership of the account.
106. Plaintiff requested that inaccurate or unverifiable information be corrected or deleted pursuant to the Fair Credit Reporting Act.

### Plaintiff's Disputes

107. Plaintiff submitted written disputes concerning this account to one or more consumer reporting agencies.
108. Plaintiff also submitted written correspondence directly to the entities reporting or furnishing information concerning this account.
109. Plaintiff retained copies of dispute letters, certified mail receipts, delivery confirmations, and responses received.

### Consumer Reporting Agency Responses

110. Plaintiff alleges that the consumer reporting agencies responded by indicating that the disputed information had been verified or would remain unchanged.
111. Plaintiff contends that the responses did not adequately explain the investigation that had been conducted.

### Why Plaintiff Believes the Reporting Remained Inaccurate

112. Plaintiff alleges that inconsistencies remained regarding the ownership, reporting history, and verification of this account.
113. Plaintiff further alleges that disputed information continued to appear on one or more consumer reports despite Plaintiff's disputes.
114. Plaintiff contends that Defendants failed to conduct the reasonable investigation required under the Fair Credit Reporting Act before continuing to report or verify the disputed information.

---

## Disputed Account No. 2

### Indigo Mastercard (Celtic Bank) – Reported by LVNV Funding LLC / Resurgent Capital Services LP

115. Plaintiff also disputed information concerning an Indigo Mastercard account originally issued by Celtic Bank.
116. Plaintiff questioned the accuracy and completeness of the information being furnished concerning this account.
117. Plaintiff submitted written disputes requesting that the reporting agencies and furnishers conduct reasonable investigations.
118. Plaintiff requested documentation supporting the reporting of this account.
119. Plaintiff alleges that the disputed information continued to be reported after completion of the investigations.
120. Plaintiff contends that Defendants failed to conduct a reasonable investigation as required under the Fair Credit Reporting Act.

---

## Disputed Account No. 3

### Bridgecrest Credit Company, LLC

121. Plaintiff disputed information furnished by Bridgecrest concerning an automobile financing account.

122. Plaintiff believed that certain information being reported concerning this account was inaccurate, incomplete, misleading, or otherwise reportable in violation of the Fair Credit Reporting Act.
123. Plaintiff disputed the account directly with one or more consumer reporting agencies.
124. Plaintiff also communicated directly with Bridgecrest concerning the disputed reporting.
125. Plaintiff retained copies of correspondence supporting these disputes.
126. Plaintiff alleges that the disputed information remained on one or more consumer reports following completion of the investigations.
127. Plaintiff contends that Bridgecrest failed to conduct the reasonable investigation required under the Fair Credit Reporting Act.

# V. CHRONOLOGY OF EVENTS

### January 2026

128. During January 2026, Plaintiff became aware of changes in the reporting of certain disputed accounts appearing on her consumer credit reports.
129. Plaintiff observed that one or more accounts had been charged off, transferred, sold, or reported under different entities.
130. Plaintiff began reviewing her consumer reports to determine whether the reporting complied with the Fair Credit Reporting Act.

---

### February–March 2026

131. Plaintiff continued monitoring her consumer reports.
132. Plaintiff compared information reported by Experian, Equifax, and TransUnion.
133. Plaintiff identified discrepancies among the three consumer reporting agencies concerning the reporting of one or more disputed accounts.
134. Plaintiff began gathering documentation concerning the disputed reporting.

---

### April 2026

135. Plaintiff prepared written disputes concerning the disputed accounts.
136. Plaintiff reviewed applicable provisions of the Fair Credit Reporting Act before submitting her disputes.
137. Plaintiff assembled supporting documentation that she believed demonstrated inaccuracies or inconsistencies in the reporting.

---

## May 2026

138. Plaintiff continued preparing documentation supporting her disputes.
139. Plaintiff maintained organized files containing consumer reports, correspondence, and supporting evidence.
140. Plaintiff prepared additional requests seeking documentation from furnishers regarding disputed accounts.

---

## June 2026

141. Plaintiff mailed multiple dispute letters by certified mail.
142. Plaintiff retained USPS Certified Mail receipts and delivery confirmations.
143. Plaintiff requested that inaccurate or unverifiable information be corrected or deleted.
144. Plaintiff also requested documentation supporting the reporting of disputed accounts.
145. Plaintiff began receiving responses from various Defendants.

---

## Consumer Financial Protection Bureau Complaints

146. After Plaintiff believed her disputes had not been adequately resolved, Plaintiff submitted complaints through the Consumer Financial Protection Bureau.
147. Plaintiff believed these complaints provided Defendants with additional notice concerning the disputed information.
148. Plaintiff received responses through the CFPB complaint process.
149. Plaintiff contends that these responses failed to resolve the disputed reporting.

---

## July 2026

150. Plaintiff continued reviewing updated consumer reports.
151. Plaintiff observed that disputed information continued appearing on one or more reports.
152. Plaintiff submitted additional correspondence requesting reinvestigation.
153. Plaintiff retained copies of all correspondence and responses.
154. Plaintiff continued attempting to resolve the matter without filing litigation.
155. After exhausting these efforts, Plaintiff initiated this action seeking relief under the Fair Credit Reporting Act.

---

# VI. EXHAUSTION OF REASONABLE EFFORTS

156. Before commencing this action, Plaintiff made repeated good-faith efforts to resolve the disputed reporting without court intervention.
157. Plaintiff submitted written disputes to consumer reporting agencies.
158. Plaintiff communicated directly with furnishers.
159. Plaintiff retained documentary evidence supporting her disputes.
160. Plaintiff filed complaints with the Consumer Financial Protection Bureau.
161. Plaintiff allowed Defendants opportunities to investigate and correct disputed information.
162. Plaintiff alleges that these efforts failed to resolve the disputed reporting.
163. Plaintiff therefore brings this action only after exhausting reasonable non-litigation efforts.

---

## DAMAGES ALLEGED

164. Plaintiff alleges that Defendants' conduct caused:

- Damage to Plaintiff's credit reputation;
- Loss of time spent investigating, organizing, and disputing inaccurate information;
- Emotional distress, frustration, anxiety, and inconvenience;
- Additional financial harm, if proven through discovery;
- Other damages recoverable under the Fair Credit Reporting Act.

# VII. LEGAL CLAIMS

## COUNT I

### Failure to Conduct a Reasonable Reinvestigation

**Against Experian Information Solutions, Inc.**
(15 U.S.C. § 1681i)

165. Plaintiff incorporates Paragraphs 1 through 164 as though fully set forth herein.
166. Plaintiff submitted one or more disputes to Experian identifying information that Plaintiff believed to be inaccurate, incomplete, misleading, or otherwise improperly reported.
167. Plaintiff alleges that Experian received notice of Plaintiff's disputes.

168. Pursuant to 15 U.S.C. § 1681i, Experian was required to conduct a reasonable reinvestigation of the disputed information.
169. Plaintiff alleges that Experian failed to conduct a reasonable reinvestigation of one or more disputed items.
170. Plaintiff further alleges that Experian continued reporting disputed information after completing its investigation.
171. Plaintiff alleges that these actions violated the Fair Credit Reporting Act.
172. As a direct and proximate result of these alleged violations, Plaintiff suffered damages to be proven at trial.

---

# COUNT II

### Failure to Conduct a Reasonable Reinvestigation

**Against Equifax Information Services LLC**
(15 U.S.C. § 1681i)

173. Plaintiff incorporates Paragraphs 1 through 172.
174. Plaintiff submitted written disputes to Equifax.
175. Plaintiff alleges that Equifax received notice of those disputes.
176. Plaintiff alleges that Equifax failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.
177. Plaintiff further alleges that Equifax continued reporting disputed information that Plaintiff contends was inaccurate or misleading.
178. Plaintiff alleges that these actions violated the Fair Credit Reporting Act.
179. Plaintiff suffered damages as a result of these alleged violations.

---

# COUNT III

### Failure to Conduct a Reasonable Reinvestigation

**Against TransUnion LLC**
(15 U.S.C. § 1681i)

180. Plaintiff incorporates Paragraphs 1 through 179.
181. Plaintiff submitted written disputes to TransUnion.
182. Plaintiff alleges that TransUnion received notice of those disputes.
183. Plaintiff alleges that TransUnion failed to conduct a reasonable reinvestigation.
184. Plaintiff further alleges that TransUnion continued reporting disputed information after Plaintiff's disputes.
185. Plaintiff alleges that these actions violated the Fair Credit Reporting Act.

186. Plaintiff suffered damages as a result of these alleged violations.

---

# COUNT IV

## Failure to Conduct a Reasonable Investigation by a Furnisher

**Against LVNV Funding LLC**
(15 U.S.C. § 1681s-2(b))

187. Plaintiff incorporates Paragraphs 1 through 186.
188. Plaintiff alleges that LVNV Funding LLC furnished information concerning one or more disputed accounts.
189. Plaintiff alleges that LVNV Funding LLC received notice of Plaintiff's disputes through one or more consumer reporting agencies.
190. Plaintiff alleges that LVNV Funding LLC failed to conduct the investigation required by 15 U.S.C. § 1681s-2(b).
191. Plaintiff further alleges that LVNV Funding LLC continued furnishing disputed information after receiving notice of Plaintiff's disputes.
192. Plaintiff alleges that these actions violated the Fair Credit Reporting Act.
193. Plaintiff suffered damages as a result.

---

# COUNT V

## Failure to Conduct a Reasonable Investigation by a Furnisher

**Against Resurgent Capital Services LP**
(15 U.S.C. § 1681s-2(b))

194. Plaintiff incorporates Paragraphs 1 through 193.
195. Plaintiff alleges that Resurgent Capital Services LP furnished or serviced information concerning disputed accounts.
196. Plaintiff alleges that Resurgent received notice of Plaintiff's disputes.
197. Plaintiff alleges that Resurgent failed to conduct a reasonable investigation before continuing to furnish disputed information.
198. Plaintiff alleges that these actions violated the Fair Credit Reporting Act.
199. Plaintiff suffered damages as a result.

---

# COUNT VI

**Failure to Conduct a Reasonable Investigation by a Furnisher**

**Against Bridgecrest Credit Company, LLC**
(15 U.S.C. § 1681s-2(b))

200. Plaintiff incorporates Paragraphs 1 through 199.
201. Plaintiff alleges that Bridgecrest furnished information concerning Plaintiff's automobile financing account.
202. Plaintiff alleges that Bridgecrest received notice of Plaintiff's disputes through one or more consumer reporting agencies.
203. Plaintiff alleges that Bridgecrest failed to conduct the investigation required under 15 U.S.C. § 1681s-2(b).
204. Plaintiff further alleges that Bridgecrest continued furnishing disputed information after receiving notice of Plaintiff's disputes.
205. Plaintiff alleges that these actions violated the Fair Credit Reporting Act.
206. Plaintiff suffered damages as a result of these alleged violations.

---

# VIII. DAMAGES

207. Plaintiff seeks all relief available under the Fair Credit Reporting Act.
208. Plaintiff seeks recovery of actual damages established by the evidence.
209. Plaintiff seeks statutory damages where authorized by law and supported by the facts.
210. Plaintiff seeks punitive damages to the extent permitted by law upon proof of willful violations.
211. Plaintiff seeks costs and any other relief authorized by law.

# IX. EVIDENCE SUMMARY

**212. Plaintiff has retained documentary evidence supporting the allegations contained in this Complaint.**

**213. Plaintiff intends to rely upon the following categories of evidence during these proceedings:**

---

## Category A

**Consumer Credit Reports**

Plaintiff possesses consumer credit reports obtained from:

- Experian Information Solutions, Inc.
- Equifax Information Services LLC
- TransUnion LLC

These reports reflect the reporting of the disputed accounts during the relevant time period.

---

# Category B

### Dispute Letters Written

Plaintiff retained copies of written disputes submitted to the consumer reporting agencies.

These disputes requested reinvestigations under the Fair Credit Reporting Act.

---

# Category C

### Certified Mail Records

Plaintiff retained:

- USPS Certified Mail Receipts
- USPS Tracking Records
- Delivery Confirmations

These records demonstrate delivery of Plaintiff's correspondence.

---

# Category D

### Consumer Reporting Agency Responses

Plaintiff retained responses received from:

- Experian
- Equifax
- TransUnion

These responses include investigation results and correspondence concerning Plaintiff's disputes.

---

## Category E

### Furnisher Correspondence

Plaintiff retained correspondence received from:

- LVNV Funding LLC
- Resurgent Capital Services LP
- Bridgecrest Credit Company, LLC

---

## Category F

### CFPB Complaint Records

Plaintiff retained copies of:

- Consumer Financial Protection Bureau complaints
- Defendant responses submitted through the CFPB process

---

## Category G

### Additional Supporting Documents

Plaintiff may introduce additional documentary evidence discovered during litigation, including updated credit reports, business records produced in discovery, deposition testimony, interrogatory responses, requests for admission, and other admissible evidence.

---

# X. REQUEST FOR DISCOVERY

214. Plaintiff requests discovery permitted under the Federal Rules of Civil Procedure, including production of documents, interrogatories, requests for admission, and depositions, as appropriate.

215. Plaintiff believes discovery will provide evidence regarding the manner in which Defendants investigated Plaintiff's disputes.

216. Plaintiff further believes discovery may reveal:

- Internal investigation procedures;
- Communications between consumer reporting agencies and furnishers;
- Automated verification records;
- Electronic dispute records (such as ACDVs and responses, if applicable);
- Policies governing reinvestigations and furnishing of information; and
- Other records relevant to Plaintiff's claims.

---

# XI. PRESERVATION OF EVIDENCE

217. Plaintiff requests that Defendants preserve all documents, electronically stored information, communications, investigation records, consumer dispute records, account notes, recordings, metadata, and other evidence relating to Plaintiff's disputed accounts.

218. Plaintiff further requests preservation of all communications between Defendants concerning Plaintiff's disputes.

219. Plaintiff alleges that such materials are relevant to the claims asserted in this action.

---

# XII. CONCLUSION

220. Plaintiff respectfully submits that this Complaint states claims upon which relief may be granted under the Fair Credit Reporting Act.

221. Plaintiff requests that this matter proceed according to the Federal Rules of Civil Procedure.

222. Plaintiff respectfully requests that judgment be entered in Plaintiff's favor and against Defendants as requested herein.

# XIII. DEMAND FOR RELIEF

WHEREFORE, Plaintiff, **Shearee Kingsley**, respectfully requests that this Court enter judgment in her favor and against Defendants and grant the following relief:

A. Award Plaintiff actual damages in an amount to be determined by the evidence at trial;

B. Award statutory damages where authorized by the Fair Credit Reporting Act and supported by the facts;

C. Award punitive damages to the extent permitted by law upon proof of willful violations;

D. Award costs of suit and any other recoverable litigation expenses permitted by law;

E. Award any equitable or declaratory relief authorized by the Fair Credit Reporting Act and deemed appropriate by the Court;

F. Award pre-judgment and post-judgment interest where authorized by law; and

G. Grant such other and further relief as this Court deems just and proper.

---

# XIV. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

---

# XV. RESPECTFULLY SUBMITTED

Respectfully submitted,

**Shearee Kingsley**
Plaintiff, Pro Se

Bronx, New York

Email: _SHEAREEKINGSLEY@GMAIL.COM__________________

Telephone: _929-790-6575_______________

Date: _7/29/2026____________________

Signature: SHEAREE ELISSA KINGSLEY

---

Shearee Kingsley

---

# CERTIFICATE OF COMPLIANCE

Plaintiff certifies that the factual allegations contained in this Complaint are made upon personal knowledge where so stated, and upon information and belief where indicated, and that Plaintiff believes the claims asserted herein are supported by the evidence presently available and are likely to be further supported through discovery.

---

# RESERVATION OF RIGHTS

Plaintiff reserves the right to amend this Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure if additional facts or evidence become available during discovery or through subsequent investigation.

---

# NOTICE OF EXHIBITS

Plaintiff intends to introduce documentary evidence, including but not limited to:

- Consumer credit reports;
- Written dispute correspondence;
- Certified mail receipts;
- USPS delivery confirmations;
- Consumer Financial Protection Bureau complaints and responses;
- Correspondence from Defendants;
- Updated credit reports;
- Additional documents produced during discovery.

---

# NOTICE OF DISCOVERY REQUESTS

Following service of process, Plaintiff intends to seek discovery concerning, among other things:

- The methods used to investigate Plaintiff's disputes;
- Electronic dispute records transmitted between consumer reporting agencies and furnishers;
- Internal investigation notes;
- Policies and procedures regarding consumer disputes;
- Communications among Defendants relating to Plaintiff's disputed accounts;
- Any documents relied upon in verifying disputed information.

END OF COMPLAINT